IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL - 9 2014

David J. Bradley, Clerk of Court

|                           |   |                       |
|---------------------------|---|-----------------------|
| FRANCISCO D. HERMOSILLO   | § |                       |
| *Plaintiff,*              | § |                       |
|                           | § | Case No. 1:13-CV-189  |
| v.                        | § |                       |
| LINWOOD TRAWLERS, INC.    | § |                       |
| *Defendant.*              | § |                       |
|                           | § |                       |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Linwood Trawlers, Inc.'s Motion to Dismiss/Motion for Summary Judgment ("Motion"), [Doc. No. 5], Plaintiff Francisco D. Hermosillo's Response, [Doc. No. 9], and Defendant's Reply, [Doc. No. 12]. The issue is whether Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621, *et seq.* Since Plaintiff has not raised a fact issue as to whether the Defendant is an "employer" within the meaning of the Act, Defendant's Motion is granted.

### I. FACTUAL BACKGROUND

Plaintiff has brought this case under the ADEA alleging various acts of age discrimination by the Defendant.[1] Defendant is a corporation organized under the laws of Texas and involved in the shrimp industry. The corporation is owned by Dolby Linwood, who also owns five other entities that each respectively own a shrimping trawler.[2] These five entities, along with Linwood Trawlers, Inc. are collectively referred to by the Defendant as "Linwood

---

[1] Specifically, Plaintiff alleges that "defendant violated the [ADEA] by constructively discharging Francisco D. Hermosillo and otherwise discriminating against him with respect to the terms, conditions, and privileges of his employment because of his age, by limiting him in ways that deprived him of employment opportunities because of his age and by engaging in employment practices that resulted in discrimination against Francisco D. Hermosillo and other employees generally." [Doc. No. 1 ¶ 6.02].

[2] These entities are: L&O Trawlers, Inc.; WL&O Trawlers, Inc.; Capt. Wally, Inc.; Capt. JDL, Inc.; and Gulf One, Inc.

Operations." (The reference to Linwood Operations by the Court in this opinion is a collective reference to all entities used for convenience; Linwood Operations is not an existing corporate entity.) Defendant avers that Linwood Trawlers, Inc.'s sole function is to sell shrimp and provide maintenance for shrimping vessels. Plaintiff was previously employed by Linwood Trawlers, Inc. to perform this maintenance work. In July of 2012, he was allegedly fired and replaced by two or three younger employees.

Plaintiff filed an age discrimination complaint with the United States Equal Employment Opportunity Commission ("EEOC"), but was denied because the Defendant "employs less than the required number of employees or is not otherwise covered by the statutes." *See* [Doc. No. 1 Ex. A] (EEOC's dismissal notice). After being denied relief by the EEOC, Plaintiff filed this action. Defendant responded to the Original Complaint by filing a Motion to Dismiss/Motion for Summary Judgment and Plaintiff filed a response disputing factual issues. This Court then ordered that Defendant's Motion would be treated as a motion for summary judgment and granted all Parties additional time to conduct discovery, file amended motions, and file appropriate responses. *See* [Doc. No. 10].

## II. LEGAL BACKGROUND

### A. Summary Judgment

A movant is entitled to summary judgment if the "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Once a movant makes a properly supported motion, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-25 (1986). The nonmoving party must go beyond the pleadings and provide

specific facts showing that there is a genuine issue for trial. *Id.* at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).   A dispute over material facts is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   Ordinarily, the court would "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 596 (5th Cir. 2007) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

### B. ADEA

Only "employers" can be held liable under the ADEA.   The Act defines an "employer" to mean someone who has "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b).[3]   Subject to certain exceptions that are inapplicable here, an "employee" is defined as "an individual employed by any employer . . . ." *Id.* § 630(f).[4]

---

[3] The definition states in full:

The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: *Provided,* That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630(b).

[4] The definition states in full:

The term "employee" means an individual employed by any employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency, or political subdivision. The term "employee" includes any individual who is a citizen of the United States employed by an employer in a workplace in a foreign country.

29 U.S.C. § 630(f).

In this case, there are two issues relevant to determining whether an employer has twenty or more employees. The first is whether all of Linwood Operations' workers are relevant to the analysis. The second is who constitutes an "employee." The Fifth Circuit applies a four factor test to determine whether a parent corporation and its subsidiary may be regarded as a "single employer" under the ADEA. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997).[5] These four factors are: "(1) interrelation of operations, (2) centralized control of labor or employment decisions, (3) common management, and (4) common ownership or financial control." *Id.* (citations omitted). "This analysis ultimately focuses on . . . whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation, and all four factors are examined only as they bear on this precise issue." *Id.* (citations omitted).

The Fifth Circuit has also elaborated on who constitutes an "employee" under the ADEA. Independent contractors are not considered to be "employees." *Hickey v. Arkla Indus., Inc.,* 699 F.2d 748, 753 (5th Cir. 1983) (holding that the ADEA does not protect independent contractors because they are not employees); *accord, e.g., Ernster v.. Luxco, Inc.,* 596 F.3d 1000, 1003 (8th Cir. 2010). To determine whether the employer-employee relationship exists, the Fifth Circuit applies a hybrid economic realities/common law control test. *See Deal v. State Farm Cnty. Mut. Ins. Co. of Texas,* 5 F.3d 117, 118-19 (5th Cir. 1993). "The right to control an employee's conduct is the most important component of this test." *Id.* at 119; *see also In re Pilgrim's Pride*

---

[5] Here, there is no allegation of a parent-subsidiary relationship between Defendant and the other corporate entities owned by Linwood. There are also no facts supporting such a relationship. *Lusk* involved a parent-subsidiary relationship. *Lusk,* 129 F.3d at 777. Plaintiff has not cited any cases applying the single employer theory to corporate entities without a vertical relationship. Regardless, this Court does not need to determine whether the single employer theory applies outside the parent-subsidiary context. As discussed in the text, Defendant's Motion succeeds regardless of whether the single employer theory applies to this case. Nevertheless, this Court notes that the single employer test articulated in the Supreme Court case cited in *Lusk* was not limited to the parent-subsidiary context. Rather, the test relates more generally to when "several nominally separate business entities" are a single employer. *Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc.,* 380 U.S. 255, 256 (1965).

*Corp.*, 453 B.R. 684, 688 (N.D. Tex. 2011).   The Supreme Court has articulated a number of

factors to determine whether this control exists in the Americans with Disabilities Act context,

*Clackamas Gastroenterology Associates, P. C. v. Wells*, 538 U.S. 440, 451, 123 S. Ct. 1673

(2003), and the Fifth Circuit has applied this test in the ADEA context, *Coleman v. New Orleans*

*& Baton Rouge S.S. Pilots' Ass'n*, 437 F.3d 471, 481 (5th Cir. 2006).   No one factor of the test is

dispositive: "all incidents of the relationship" are examined.   *Wells*, 538 U.S. at 451 (quoting

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 324 (U.S.N.C. 1992)).   The "control" factors

mentioned are:

> Whether the organization can hire or fire the individual or set the rules and
> regulations of the individual's work
> Whether and, if so, to what extent the organization supervises the individual's
> work
> Whether the individual reports to someone higher in the organization
> Whether and, if so, to what extent the individual is able to influence the
> organization
> Whether the parties intended that the individual be an employee, as expressed in
> written agreements or contracts
> Whether the individual shares in the profits, losses, and liabilities of the
> organization.

*Wells*, 538 U.S. at 449-50 (internal quotation marks omitted) (quoting EEOC Compliance

Manual § 605:0009).

The "economic realities" aspect of the test examines the following factors:

> (1) [T]he kind of occupation, with reference to whether the work usually is done
> under the direction of a supervisor or is done by a specialist without supervision;
> (2) the skill required in the particular occupation; (3) whether the "employer" or
> the individual in question furnishes the equipment used and the place of work; (4)
> the length of time during which the individual has worked; (5) the method of
> payment, whether by time or by the job; (6) the manner in which the work
> relationship is terminated; i.e., by one or both parties, with or without notice and
> explanation; (7) whether annual leave is afforded; (8) whether the work is an
> integral part of the business of the "employer"; (9) whether the worker
> accumulates retirement benefits; (10) whether the "employer" pays social security
> taxes; and (11) the intention of the parties.

*Fields v. Hallsville Indep. Sch. Dist.,* 906 F.2d 1017, 1020 n.4 (5th Cir.1990); *see also In re*

*Pilgrim's Pride Corp.*, 453 B.R. at 688 (N.D. Tex. 2011) (applying the *Fields* test to grant

defendant Pilgrim's Pride Corp's ("PPC") motion for summary judgment on the grounds that no

employment relationship existed between PPC and plaintiffs in a chicken growing business

because (1) the plaintiffs could decide how to execute operations, (2) PPC did not withhold taxes

or provide benefits, and (3) the fact that PPC could inspect plaintiff's farm is not inconsistent

with an independent contractor relationship).

### III. DISCUSSION

Defendant maintains that the individuals working on the trawlers as well as a number of

boat maintenance workers are "independent contractors."   Plaintiff has not brought forth any

controverting facts.  That being the case, Defendant is not an "employer" within the meaning of

the ADEA.  This Court will first summarize the Parties' arguments to demonstrate that the main

issue is whether the workers are independent contractors.  Next, this Court will explain why the

uncontroverted facts indicate that the relevant workers were all independent contractors.

### (a) Summary of the Arguments

The Defendant's Motion to Dismiss/Motion for Summary Judgment filed in answer to

Plaintiff's Complaint argued that Defendant was not an "employer" under the terms of ADEA

because it had less than twenty employees.  In support, Defendant included three pieces of

evidence.  First, it referenced an attached affidavit by Dolby Linwood who stated that he is the

president of Linwood Trawlers, Inc. and that Linwood Trawlers, Inc. has never had twenty or

more employees on each working day in each of twenty or more calendar weeks in 2011, 2012,

or 2013.[6]  Second, the affidavit attached Texas Workforce Commission quarterly status reports

---

[6] *See supra* note 3 (describing the requirement for employers to have the required number of employees for twenty or more calendar weeks).

6

to the same effect. Lastly, Defendant cited the EEOC dismissal, attached to Plaintiff's complaint. The EEOC ruling apparently denied Plaintiff's claim because Defendant had less than twenty employees. [Doc. No. 1 Ex. A].[7]

The Plaintiff filed a response to the Motion to Dismiss/Summary Judgment arguing that, according to the "single employer" theory, all individuals connected with Linwood Operations are employees relevant to the analysis. This includes the workers on the shrimp trawlers owned by Linwood. Adding this number to the maintenance crew, which Plaintiff also counts as "employees," Plaintiff concludes that Defendant has the requisite number of employees to constitute an ADEA "employer." Plaintiff argues that the single employer theory should apply for three reasons. First, Plaintiff argues that Defendant had a shop that maintained all of the Linwood Operation boats and also interchanged the parts between these boats. [*Id.* ¶¶ 5.03, 5.06] (citing Hermosillo Aff.). Second, Plaintiff contends that Defendant employed someone (named "Kent") who "gave himself the title of Fleet Captain" and "handled all of the employees, from the ship captain to laborers . . . ." [Doc. No. 9 ¶ 5.04] (citing Hermosillo Aff.). Kent also "handled all the daily activities of the six boats," bought parts, directed the fixing of certain boats, controlled the boat departure and arrival schedules, paid the captains, and directed the unloading of the shrimp. [*Id.* ¶¶ 5.04, 5.05] (citing Hermosillo Aff.). Third, Plaintiff argues that Linwood "gave baseball caps to all of the shrimp boat captains with the words 'Linwood Trawlers.'" [*Id.* ¶ 5.07] (citing Hermosillo Aff. & Ex. B).

Pursuant to this Court's order allowing Defendant to file an amended summary judgment motion or supplement the existing filings, Defendant filed what it styled as a reply to the Plaintiff's response. In this reply, Defendant argued that, even assuming the single employer theory applies, Defendant is still not an ADEA "employer" because the individuals working on

---

[7] This Court need not and does not consider the EEOC dismissal in deciding this motion.

the shrimp trawlers and a number of the boat maintenance workers are not "employees." Rather, they are independent contractors.

Regarding the shrimp trawler workers,  Defendant cites an attached affidavit by Kent Ellis to establish several factors indicating the economic realities between Defendant and the shrimp trawler workers reflect that these workers "are self-employed independent contractors." [Doc. No. 12 ¶ 5] (citing Ellis Aff. At ¶ 6).  Ellis' affidavit states that these individuals conform to the IRS regulations for self-employed independent contractors, which include the requirements that no individual receive any type of payment or benefit other than a share of their trawler's catch of shrimp or proceeds from the sale of that catch.  [*Id.*]

Additionally, Defendant cites Ellis' statement that "Eduardo Cuadra is not and never has been an employee of the Linwood Operations.  He is an independent contractor who provides net repair services to many of the boat owners in the Port Isabel area . . . ." [Doc. No. 12 ¶ 7] (citing Ellis Aff. At ¶ 3].  Ellis' affidavit adds that the maintenance workers, "Mr. Tony Hernandez, Michael Ramirez, and German Gallegos were independent contractors and provided various services on a random and independent basis."  [Doc. No. 12 Ex. 1 ¶ 7].

If all of these workers are independent contractors rather than "employees," then Defendant is correct that the "single employer" theory is immaterial.  Therefore, the analysis turns to this independent contractor issue.

### (b) Under the Uncontroverted Facts, the Workers Are Not "Employees"

Plaintiff elected not to file a reply to Defendant's latest pleading.  Nevertheless, out of an abundance of caution, this Court has considered the affidavit attached to Plaintiff's initial response to Defendant's Motion as Plaintiff's attempt to raise a fact issue.  Even assuming these

factual allegations to be true, there are no controverted facts indicating that the shrimp trawler workers and the four maintenance workers are employees rather than independent contractors.

Defendant has presented sufficient evidence that the shrimp trawler workers are independent contractors according to the economic realities test. The shrimp trawler workers receive no benefits and are paid according to their service rather than on a salary basis. Defendant is not entitled to a tax deduction for these trawler workers. Additionally, Defendant has argued that three of the maintenance workers served on a "random" basis and the fourth maintenance worker is an independent contractor serving the Port Isabel area.

Plaintiff has not controverted these facts. Rather, the factual statements made by Plaintiff in his sole affidavit before this Court are either circular, purposefully vague, or fail to raise a fact issue as to whether the applicable workers are employees rather than independent contractors. Plaintiff's affidavit, which states that Kent "handled" all of the employees, avoids the issue as to who is an "employee." This conclusory statement is insufficient to raise specific facts suggesting that any or all of the workers are employees rather than independent contractors. Furthermore, Plaintiff's affidavit stating that Kent handled all of the daily activities is at best conclusory and fails to provide any specific facts as to what these activities might be. It also does not in any way specifically indicate the amount or kind of control that Defendant might exercise over the individuals that Plaintiff would like to count as employees. Rather, Plaintiff's statement that Kent is responsible for all of Defendant's daily activities is entirely consistent with Defendant's averment that it exists solely to sell shrimp and maintain the trawlers without employing or otherwise exercising control over the shrimp trawler workers or four of the maintenance workers.

9

Plaintiff has also failed to provide any summary judgment evidence that the relevant workers were "employees." For example, there is no evidence that Defendant could hire and fire the trawler workers or boat maintenance workers.   There is also no specific evidence that Defendant supervised the trawler workers or maintenance workers in any fashion.

Since the Plaintiff has not raised a controverted issue of material fact or otherwise controverted any of Defendant's arguments or factual allegations that the relevant individuals were independent contractors, this Court grants Defendant's summary judgment motion.

## IV. CONCLUSION

For the reasons stated above, this Court grants Defendant's Motion for Summary Judgment.

Signed, this 9th day of July, 2014.

Andrew S. Hanen
United States District Judge

10